```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


ANGELO LAVENTINO FLINT,          §
TDCJ-CID NO. 1283837,            §
                                 §
               Petitioner,       §
                                 §
v.                               §    CIVIL ACTION NO. H-06-3900
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
               Respondent.       §
```

## MEMORANDUM OPINION AND ORDER

Angelo Laventino Flint, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a state court conviction. 28 U.S.C. § 2254. After considering Flint's response to the court's Order (Docket Entry No. 5) instructing him to show cause why his petition should not be dismissed as untimely, this court has concluded from the pleadings and available records that the petition should be dismissed under the provisions of 28 U.S.C. § 2244(d).

### I. Procedural History

According to the petition (Docket Entry No. 1) and available records, a jury found Flint guilty of aggravated assault of a police officer and disarming a police officer. State v. Flint, Nos. 929,972; 929,973 (232nd Dist. Ct., Harris County, Tex.,

Sept. 27, 2003). He was then sentenced to seven years in prison for the aggravated assault and two years in prison for the disarmament offense.

Flint appealed his convictions; the Court of Appeals for the Fourteenth District of Texas affirmed the judgments and sentences. <u>Flint v. State</u>, Nos. 14-03-01126-CR, 14-03-01127-CR, 2004 WL 2340343 (Tex. App. Houston [14th Dist.] Oct. 19, 2004, no pet.). No petition for discretionary review was filed. <u>Id.</u>, see also Texas Judiciary Website, <u>http://www.14thcoa.courts.state.tx.us/opinions/</u>.

Two state applications for writs of habeas corpus were filed with the Harris County District Clerk's Office on March 31, 2006.[1] On June 1, 2006, they were forwarded to the Texas Court of Criminal Appeals, which received them on June 2, 2006. The Court of Criminal Appeals denied the applications without a written order based on the trial court's findings. <u>Ex parte Flint</u>, Nos. WR-64,912-01; WR-64,912-02 (Tex. Crim. App. July 26, 2006). See Texas Court of Criminal Appeals Website, <u>http://www.cca.courts.state.tx.us/</u>.

Flint's federal petition is considered filed on December 4, 2006, the date he declared that he placed it in the prison mails.

---

[1]In his federal habeas petition Flint states that he did not file a state application for a writ of habeas corpus. See Docket Entry No. 1 at 3. The court discovered that the habeas applications were filed by researching the Texas Court of Criminal Appeals Website. See <u>http://www.cca.courts.state.tx.us/</u>. The court then verified the filing date with the Harris County District Clerk's Office by telephone.

-2-

Docket Entry No. 1, at 9; Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). The court examined the petition and made a preliminary finding that it was untimely since it had been filed more than two years after the appeal had been affirmed. Flint was notified of the court's findings and was given an opportunity to file a response. See Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). Flint's Supplemental Memorandum (Docket Entry No. 6) includes a claim of ineffective assistance of counsel as well as an allegation that Flint was denied access to a sufficient law library while he was incarcerated.

## II.  One-Year Statute of Limitations

Flint's federal habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding a habeas petition's timeliness before ordering the State to use its limited resources to answer it. See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Flint's appeal was affirmed on October 19, 2004, and no further action was taken on direct appeal. Therefore, the convictions became final on November 18, 2004, the last day he could have filed a petition for discretionary review (PDR). TEX. R. APP. P. 68.2(a) (West 2004) (PDR must be filed within thirty days after the appeal is affirmed); Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (the limitations period commenced when the period for filing a PDR in state court ended), citing TEX. R. APP.

PROC. 68.2(a). Flint's state habeas applications were not filed until March 31, 2006, more than sixteen months after the conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). Consequently, the state applications did not toll the federal habeas limitation period because they were not filed until after the one-year period's expiration date. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), citing 28 U.S.C. § 2244(d)(2). The limitations period therefore expired on November 18, 2005.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Flint's federal petition is untimely because it was filed on December 4, 2006, more than twelve months after the expiration of the limitations period. Flint has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this habeas action is subject to dismissal because it is untimely.

In his response (Docket Entry No. 6) Flint states that he was assigned to TDCJ-CID transfer facilities during the one-year period and that his movements were strictly monitored. He complains that the law libraries at the transfer units were less than adequate with minimal staffing. Flint asserts that he needed to Shepardize

cases and that he had no assistance beyond the help provided by other inmates. He states that no PDR was filed because noone advised him about the law which. In addition, his state habeas application was not filed until March of 2006 because he did not know the procedures. Flint also asserts that his attorneys were ineffective by failing to file a PDR and assure him the right of filing a federal petition for a writ of habeas corpus.

Equitable tolling is permissible but only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The court looks at all of the facts before determining whether a petitioner is entitled to equitable tolling. Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001).

Flint cannot use incarceration as an excuse for his failure to file a timely habeas petition. See Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Felder v. Johnson, 204 F.3d 168 (2000). Nor can he excuse his tardiness by declaring that his conditions of incarceration hampered his efforts to research his claims. Id. Flint's ignorance of the law, although understandable, is not an excuse for his failure to observe the statutory procedures. Fisher at 714 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Flint generally complains about his attorneys' deficient performance. Although a claim of ineffective assistance of trial or appellate counsel may be a ground for relief, it is not a ground

for equitable tolling.  United States v. Riggs, 314 F.3d 796, 799 (5th Cir 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."), quoting Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).  Although Flint contends that his attorneys failed to file a PDR (see Docket Entry No. 6 at 4), he does not allege any facts indicating that he was actively and effectively misled by his attorneys regarding the filing of a timely federal habeas petition. Consequently, Flint's criticism of his attorneys does not entitle him to equitable tolling.  Id. citing United States v. Wynn, 292 F.3d 226, 230-31 (5th Cir. 2002).  Flint has presented no facts that show that he was actually prevented "in some extraordinary way from asserting his rights."  See Coleman v. Johnson, 184 F.3d 398, 401-02 (5th Cir. 1999).  Therefore, this habeas action shall be dismissed as untimely.

### III.  Certificate of Appealability

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 120

S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  Beasley at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a COA, sua sponte, without requiring further briefing or argument.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Flint has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a COA from this decision will not be issued.

## IV.  Conclusion

Accordingly, the court **ORDERS** the following:

1.  The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice**.  28 U.S.C. § 2244(d).

2.  A Certificate of Appealability is **DENIED**.

3.  The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 29th day of June, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE